UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAN BUNKERING (AMERICA) INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12145** |
| **GIS TIGER** *in rem* | **JUDGE JANE TRICHE MILAZZO** |
| **GIS MARINE LLC** *in personam* | |
| **EPIC COMPANIES, LLC** *in personam* | **MAGISTRATE JUDGE DANA M. DOUGLAS** |

## ANSWER AND DEFENSES

NOW INTO COURT, through undersigned counsel, comes GIS Marine, L.L.C. (hereafter at times "GIS Marine" or "Claimant"), as claimant to and owner of the *in rem* defendant vessel M/V GIS TIGER, and makes this restricted appearance to defend this claim and does not appear for the purpose of any other claim, and for its answer and defenses on behalf of the GIS TIGER to the Verified Complaint of Dan Bunkering (America), Inc. (hereafter at times "Dan Bunkering" or "plaintiff"), responds and avers upon information and belief as follows:

### FIRST DEFENSE

The Verified Complaint fails to state a claim or cause of action against Claimant and/or the GIS TIGER herein upon which relief can be granted, and/or Dan Bunkering has no right of action against Claimant and/or the GIS TIGER herein.

### SECOND DEFENSE

AND NOW, further answering each and every allegation of the Verified Complaint, GIS Marine responds and avers upon information and belief as follows:

1.

The allegations contained in Article 1 of the Verified Complaint state conclusions of law which do not require a response on behalf of Claimant.  However, should this Honorable Court deem response thereto necessary, the allegations contained in Article 1 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

2.

The allegations contained in Article 2 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

3.

The allegations contained in Article 3 of the Verified Complaint are admitted.

4.

The allegations contained in Article 4 of the Verified Complaint do not pertain to Claimant in its capacity as claimant of the GIS TIGER, and therefore requires no response.  However, should this Honorable Court deem response thereto necessary, the allegations contained therein are admitted.

5.

Except to admit that on certain discrete occasions in 2019, Epic Applied Technologies, LLC (or one of its parent, related and/or affiliated companies or entities) was the spot charterer of the GIS TIGER, any remaining allegations contained in Article 5 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

6.

The allegations contained in Article 6 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

7.

The allegations contained in Article 7 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

8.

The allegations contained in Article 8 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

9.

The allegations contained in Article 9 of the Verified Complaint are denied.

10.

The allegations contained in Article 10 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

11.

The allegations contained in Article 11 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

12.

The allegations contained in Article 12 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

13.

The allegations contained in Article 13 of the Verified Complaint are denied.

14.

The allegations contained in Article 14 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

15.

The allegations contained in Article 15 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

16.

The allegations contained in Article 16 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

17.

The allegations contained in Article 17 of the Verified Complaint are denied.

18.

The allegations contained in Article 18 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

19.

The allegations contained in Article 19 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

20.

The allegations contained in Article 20 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

21.

The allegations contained in Article 21 of the Verified Complaint are denied insofar as they may pertain to the GIS TIGER and/or Claimant.  Any remaining allegations contained in Article 21 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

22.

The allegations contained in Article 22 of the Verified Complaint are denied insofar as they may pertain to the GIS TIGER and/or Claimant. Any remaining allegations contained in Article 22 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

23.

In response to Article 23 of the Verified Complaint, Claimant realleges and reavers each and every answer and defense set forth in response to Articles 1 through 22 of the Verified Complaint, as if same were set forth herein *in extenso*.

24.

The allegations contained in Article 24 of the Verified Complaint are denied insofar as they may pertain to the GIS TIGER and/or Claimant. Any remaining allegations contained in Article 24 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

25.

The allegations contained in Article 25 of the Verified Complaint are denied insofar as they may pertain to the GIS TIGER and/or Claimant. Any remaining allegations contained in Article 25 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

26.

Except to admit that substitute security has previously been posted in satisfactory amount in respect of the GIS TIGER in order to secure the vessel's release from U.S. Marshal's arrest during the pendency of this action, the terms, provisions, limits and conditions of which substitute security provide the best evidence of its content, any remaining allegations contained in Article 26

of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

27.

The allegations contained in Article 27 of the Verified Complaint do not pertain to the GIS TIGER and/or Claimant and therefore do not require a response on behalf of Claimant. However, should this Honorable Court deem response thereto necessary, the allegations contained in Article 27 of the Verified Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

### THIRD DEFENSE

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, Claimant avers that neither Dan Bunkering nor any of its sub-suppliers has a valid maritime lien against the GIS TIGER and/or any of her appurtenances or equipment; that Dan Bunkering did not furnish any goods or services to the GIS TIGER; and that Dan Bunkering did not furnish any goods or services to the GIS TIGER upon authorization of the owner of the vessel or any duly authorized owner's representative.

### FOURTH DEFENSE

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, in the alternative only, under the Commercial Instruments and Maritime Liens Act, Title 46 U.S.C. § 31341 and § 31342, it is affirmatively averred that neither Dan Bunkering, nor any of its sub-suppliers has a maritime lien for necessaries against the GIS TIGER and/or any of her appurtenances and/or equipment to the extent the marine diesel fuel, lubricants, potable water and other goods and services were not sold to or used by the GIS TIGER, but instead were sold to and used by Epic Companies, LLC, and/or one of its affiliated entities, and/or by other vessels or platforms.

**FIFTH DEFENSE**

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, under the Commercial Instruments and Maritime Liens Act, Title 46 U.S.C. § 31341 and § 31342, Dan Bunkering is entitled to no recovery, or alternatively, to reduction of any recovery to which it may otherwise be entitled, because the sums that Dan Bunkering seeks to recover do not constitute valid and enforceable maritime liens against the GIS TIGER and/or any of her appurtenances and/or equipment.

**SIXTH DEFENSE**

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, Claimant avers that Dan Bunkering does not have a valid maritime lien against the defendant GIS TIGER and/or any of her appurtenances and/or equipment, and Dan Bunkering did not rely on the credit of the defendant vessel.

**SEVENTH DEFENSE**

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, Claimant avers that Dan Bunkering does not have a valid maritime lien against the defendant GIS TIGER and/or any of her appurtenances and/or equipment for cargo carried by the GIS TIGER and/or for goods not consumed or used by the GIS TIGER.

**EIGHTH DEFENSE**

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, Dan Bunkering waived any alleged maritime lien it may have had, including but not limited to its reliance upon the credit of Epic Companies, LLC, and/or one of its affiliated and/or related entities and/or others, in its submission of its invoices to Epic Companies, LLC, and/or its affiliated or related entities, and/or the filing of a claim in the bankruptcy proceedings of Epic Companies, LLC, and/or one or more of its affiliated and/or related entities. Dan Bunkering may have extended credit to Epic

Companies and/or one of its affiliated and/or related entities after they were in arrears, which is a bar to the claims herein.

### NINTH DEFENSE

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, Dan Bunkering's claims are barred by contract, estoppel and/or statute.

### TENTH DEFENSE

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, to the extent that the alleged maritime lien claims asserted by Dan Bunkering have been paid in whole or in part, Claimant pleads accord, satisfaction, discharge and payment in defense thereof.  Claimant also pleads any damages it may have sustained as a result of the seizure of the GIS TIGER, including damages and attorney's fees for wrongful seizure, as a bar to and/or in set-off to any amount that Dan Bunkering may be entitled to recover, which right of recovery is denied in the first instance.

### ELEVENTH DEFENSE

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, Dan Bunkering does not have a maritime lien claim for interest, court costs, administrative fees, attorney's fees, liquidated damages, contractual damages and/or any other charges or items claimed by Dan Bunkering herein.

### TWELFTH DEFENSE

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, Dan Bunkering's purported Standard Terms and Conditions of Sale were never provided to, never noticed to and never agreed to by Claimant and/or the GIS TIGER, and further upon information and belief, Dan Bunkering has failed to comply with its own terms and conditions.

### THIRTEENTH DEFENSE

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, Dan Bunkering does not possess a maritime lien against the defendant GIS TIGER and/or her appurtenances and/or equipment for cargo, fuel, freshwater, lube or other goods transported by the vessel and delivered to Epic Companies, LLC, its affiliated and/or related entities, any joint venturer and/or other third-party and/or any "destination" vessel or "destination" offshore platform or structure.

### FOURTEENTH DEFENSE

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, Dan Bunkering did not contract with either Claimant or the GIS TIGER.

### FIFTEENTH DEFENSE

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, any expenses and/or losses suffered by Dan Bunkering are not due to any act or omission of Claimant and/or the GIS TIGER, but rather are due to the acts and/or omissions of third-parties for which neither Claimant nor the GIS TIGER are liable in fact or in law.

### SIXTEENTH DEFENSE

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, any applicable prohibition of liens was known or should have been known to Dan Bunkering, which is a bar to Dan Bunkering's claims herein, and Dan Bunkering is further estopped from asserting any maritime lien claim against the GIS TIGER and/or her appurtenances and/or equipment.

### SEVENTEENTH DEFENSE

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, to the extent that Dan Bunkering pleads any claim under state law, such claim is preempted by the General Maritime and statutory maritime laws of the United States.

## **EIGHTEENTH DEFENSE**

AND NOW FURTHER ANSWERING THE VERIFIED COMPLAINT, plaintiff's claims are stale and terms barred by the doctrine of laches and/or the applicable statute of limitations.

WHEREFORE, Claimant, GIS Marine, L.L.C., prays that its Answer and Defenses be deemed good and sufficient and that, after due proceedings be had, there be judgment entered herein in favor of Claimant and the GIS TIGER, dismissing the Verified Complaint of Dan Bunkering with prejudice at Dan Bunkering's sole cost, and for all such other and further relief and recovery as equity and the justice of this cause may require and permit.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ William J. Riviere*
William J. Riviere, T.A. (Bar #20593)
David I. Clay, II (Bar #33776)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile: 504-568-9130
Email: bill.riviere@phelps.com
Email: turk.clay@phelps.com

ATTORNEYS FOR CLAIMANT, GIS MARINE, L.L.C.

PD.26999909.1